AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| United States of America<br>v.<br><br>Terrance D. Baker<br><br>_Defendant(s)_ | )<br>)   Case No.<br>)<br>)           3:23-mj-213<br>)<br>) |

FILED
RICHARD W. NAGEL
CLERK OF COURT
5/18/23

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  5/9/2023  in the county of  Montgomery  in the
Southern District of  Ohio , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC s. 922(g)(1) & 924(a)(8) | felon in possession of a firearm that moved in interstate and foreign commerce |

This criminal complaint is based on these facts:

See Attached Affidavit of Michael Fuller

☑ Continued on the attached sheet.

_Michael Fuller_
Complainant's signature

Michael Fuller, TFO of the FBI
Printed name and title

Sworn to by reliable electronic means -- namely, telephone.

Date: 5/18/23

City and state: Dayton, Ohio

Peter B. Silvain, Jr.
United States Magistrate Judge

## AFFIDAVIT

I, Michael T. Fuller, being duly sworn, hereby deposes and states as follows:

### INTRODUCTION

1. I have been employed as a law enforcement officer with the Dayton Police Department since 2001. I am currently assigned as a Task Force Officer (TFO) on the Federal Bureau of Investigation's Southern Ohio Safe Streets Task Force (SOSSTF). As such, I am charged with investigating crimes against the United States of America, including but not limited to violations of Title 18 and Title 21 of the United States Code (U.S.C.). I have received training in drug trafficking investigations and have participated in numerous narcotics-related investigations (ultimately leading to successful prosecution) that involved surveillance, gathering evidence of money laundering, interviewing suspected drug traffickers, and supervising the activities of informants who provided information and assistance which resulted in the seizure of narcotics. I am aware that the possession of a firearm by a convicted felon is a violation of Title 18, United States Code, Section 922(g)(1).

### PURPOSE OF AFFIDAVIT

2. This Affidavit is submitted in support of a criminal complaint and seeks the issuance of an arrest warrant against Terrance D. **Bake**r for the violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (felon in possession of a firearm). The information contained in this Affidavit is largely based upon an investigation conducted by myself and other law enforcement officers. All details of the investigation are not included in this Affidavit, but rather only information necessary to establish probable cause of the above-described violation.

### SUMMARY OF PROBABLE CAUSE

3. On May 9, 2023, at approximately 3:00 p.m., I was conducting surveillance in the area of 1326 Chardon Court, Dayton, Ohio, when I saw Terrance D. **Baker** pull in front of the apartment and exit

his orange Dodge Charger.  I knew **Baker** and was aware that he was on active parole to Kyle Collier, an Ohio Adult Parole Authority officer as well as an FBI TFO.  I also knew that **Baker** had an active state arrest warrant for fleeing from police.  During discussions, TFO Collier had advised me that **Baker** was also known to carry firearms.  (**Baker** recently had posted online a picture of himself with a handgun).  Having located the fugitive **Baker**, other FBI TFOs as well APA Parole Officers jointed me outside of his residence.

4. TFO Collier soon knocked on Baker's front door several times but received no response even after identifying himself as a parole officer.  Meanwhile, I along with APA Parole Officer George-Coates, went to the rear of the apartment in case **Baker** tried to flee.  After several minutes, I observed **Baker** open the rear door and peak outside.  I ordered **Baker** to exit the residence, but he did not comply and slammed the door shut.  I continued to order **Baker** from the residence, and he yelled from inside the residence that he was getting dressed.  I along with and APA Parole Officer George-Coates could hear loud slamming noises and running from inside the residence while **Baker** continued to yell that he was getting dressed and would come outside.

5. This continued for several minutes before **Baker** finally exited the rear of the apartment where he was taken into custody.  I along with TFO Collier, Parole Officer Buettner, and Parole Officer George-Coates cleared the residence.  While doing this, what appeared to be a tan Glock handgun was observed laying in plain view on the couch of the living room.  This gun was later found to be a Glock replica pellet gun and not an actual working firearm.

6. Finding the residence empty, Parole Officers conducted a search of the apartment pursuant to the conditions of Baker's release.  Baker had provided this home to parole as his primary residence and advised that he lived there alone.  During the parole search, I along with TFO Rillo stood outside with **Baker**.  During this time, I noticed **Baker** had cobwebs and dirt in his hair.  Believing this to be the result of **Baker** hiding evidence, I alerted TFO Collier to this fact.  TFO Collier searched the basement and located a Glock semi-automatic handgun (serial number BSPL800) and its magazine loaded with 15 rounds hidden

in the rafters.  The basement rafters contained cobwebs and dirt identical to what was observed in **Baker's** hair.

   7.  A search of **Baker's** bedroom revealed a Glock box for a 9mm Glock.  The serial number on the side of the box (BSPL800) matched the serial number of the 9mm Glock hidden in the basement.  Parole Officer's also located approximately 131 grams (field weight) of marijuana packaged in 5 bags in a box on top of the refrigerator.

   8.  During the search, several items were located indicating that Baker did in fact reside at the residence.  Such items include, several pieces of mail and his State of Ohio issued driver's license, with the address of 1326 Chardon Court.

   9.  TFO Kyle Collier reviewed **Baker's** Montgomery County Jail phone calls and noted several conversations of interest.  During one of these conversations, Baker instructed his mother to go to his residence and retrieve an item.  **Baker** gave his mother a series of directions leading her to the exact location Law Enforcement located the hidden Glock.  **Baker's** mother informed him the item was not there and **Baker** commented that they must have found it.  He then states to her they found the real one too.

   10.  A criminal history check was completed on Terrance D. **Baker**.  It revealed **Baker** had been convicted in Clark County, Ohio Court of Common Pleas of the following felony, punishable by a term of imprisonment exceeding one year- namely, on May 1, 2017, of Felonious Assault, a felony of the second degree, in case number 17CR0017. Given that he received a six-year sentence of imprisonment in that case, **Baker** knew that he had been convicted of a crime punishable by a term of imprisonment exceeding one year.

11.     Alcohol Tobacco and Firearms Special Agent Chris Reed advised the Glock Model 19X is not manufactured in the state of Ohio and as such had to move in interstate commerce to reach **Baker** in this state.

12.     Based on the facts set forth in the Affidavit, your Affiant believes there is probable cause to believe that, on May 9, 2023, Terrance D. **Baker** violated 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (felon in possession of a firearm).

*Michael Fuller*
_____
Michael T. Fuller
Task Force Officer
Federal Bureau of Investigation

Sworn to and subscribed before me this __18th__ day of May 2023.

_____
Peter B. Silvain, Jr.
United States Magistrate Judge